Wachtler, J.
(dissenting). This defendant was found guilty of two counts of murder and four counts of robbery. He was unable to persuade the jury that his early childhood difficulties, both physical and mental, his delusions *329 as well as his adult dependence on medication justified or excused, by reason of insanity, his criminal acts.
The People sought to undermine the defendant’s claim of insanity by showing that the defendant had given coherent and, in fact largely exculpatory accounts of his activities, to the arresting officer. The majority of this court, in reversing the conviction holds that because these statements were made by the defendant in the absence of counsel after an attorney had entered the case, they could not be used to overcome the defendant’s claim of insanity.
The majority concedes that the statements taken from defendant in violation of his constitutional right to counsel could be referred to upon cross-examination of defendant and proved on rebuttal as a prior inconsistent statement in an effort to impeach his credibility. However, the majority contends that because the challenged testimony was used to rebut defendant’s insanity defense, and since the People have the burden of proof on the issue of sanity, the testimony was in effect used as direct evidence against defendant. Of course, this argument could be raised in every case where the defendant’s credibility is the sole issue and the prosecution is permitted to prove statements taken from the defendant in violation of his constitutional rights for impeachment purposes. I cannot understand why that use is, in effect, any less direct than the use of the testimony at issue here.
The majority’s contention that the defendant’s statements were used as direct evidence against him was essentially rejected by this court in Matter of Lee v County Ct. of Erie County (27 NY2d 432), where we held that a defendant who raises a defense of insanity waives the privilege against self incrimination for statements made to an examining psychiatrist which enable the psychiatrist to formulate an opinion as to the defendant’s sanity. We took the precaution of pointing out that for the purpose of constitutional analysis there exists a critical distinction between the determination of guilt, i.e., whether the criminal acts were in fact committed, and the question of sanity. We stated in reference to our holding: “This is not to say, however, that any admission as to the crime in question can be considered by the jury in their determination of *330 whether the defendant committed the acts which constitute the crime charged. Nor shall the District Attorney be permitted to use the psychiatric examination as a source of evidence which would be relevant on the issue of guilt” (Matter of Lee v County Ct. of Erie County, supra, at pp 441-442).
The statements taken by Detective Grogan and relied upon by the People’s psychiatrist were, like the statements made to the psychiatrist in Lee, used only as proof on the issue of defendant’s sanity. Under the distinction enunciated in Lee between evidence of guilt and proof of sanity, then, these statements were not used as direct evidence against defendant. Accordingly, I see no basis for refusing to apply the Lee waiver principle to the facts at bar and would hold that by asserting an insanity defense defendant waives his right to the presence of counsel during questioning, insofar as the statements obtained in violation of that right are used to rebut the insanity defense.
An insanity defense can be concocted with relative ease. The rule announced by the majority today would assist in this pursuit, in my view, improperly. The well-established impeachment exception to the exclusionary rule prevents a defendant from affirmatively exploiting the government’s failure to provide proper Miranda warnings or respect his right to counsel (Harris v New York, 401 US 222; People v Washington, 51 NY2d 214). Similarly, applying this rule to the facts of this case would discourage a defendant from presenting a fraudulent insanity defense by making him aware that he does so only at the risk of confrontation with any prior statements inconsistent with that defense.
The decision of the United States Court of Appeals for the District of Columbia Circuit in United States v Hinckley (672 F2d 115) is not binding on our court; nevertheless it is clearly distinguishable from the instant appeal and the majority’s reliance on that decision is misplaced. There the court refused to adopt a broad insanity exception to the exclusionary rule and allow statements taken from the accused in violation of his Miranda rights to be used for the limited purpose of rebutting his defense of insanity. However, the court made clear that its holding was limited by the crucial fact that the special agents who guarded the *331 President and investigated the assassination attempt knew from experience that assassins often raise an insanity defense, and that those agents could be expected to tailor their questioning to that defense. This extraordinary circumstance, which implies a need to minimize the opportunity for bad faith abuse of a defendant’s constitutional rights by government officials, may well have provided a valid ground for refusing to apply an insanity exception to the exclusionary rule. No similar ground for doing so, however, exists in this case.
The majority’s holding represents an unwarranted and unnecessary extension of the exclusionary rule, which not only affects the validity of the fact-finding process, but also permits a defendant to manipulate the facts affirmatively by presenting a less than complete and critically distorted picture of his mental state.
Chief Judge Cooke and Judges Jones and Meyer concur with Judge Fuchsberg; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judges Jasen and Gabrielli concur.
Order reversed, etc.